UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T&S ENTERPRISES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SUMITOMO CORPORATION OF AMERICA, <br><br> Defendant. | Civil No. 11cv963-L(MDD) <br><br> **ORDER REMANDING ACTION TO STATE COURT** |

On May 4, 2011 Defendant filed a notice of removal, removing this breach of contract and fraud action from State court. The notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. Section 1332.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992);

1  *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of*
2  *Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal
3  jurisdiction means that the defendant always has the burden of establishing that removal is
4  proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d
5  709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "The traditional rule of burden
6  allocation in determining removal jurisdiction was meant to comport with what the Supreme
7  Court has termed '[t]he dominant note in the successive enactments of Congress relating to
8  diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and
9  of relieving the federal courts of the overwhelming burden of business that intrinsically belongs
10 to the state courts in order to keep them free for their distinctive federal business.'" *Abrego*
11 *Abrego*, 443 F.3d at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

12 Defendant removed this action based on diversity jurisdiction under 28 U.S.C. Section
13 1332(a). Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs
14 is a citizen of a different state than each of the defendants, and the amount in controversy
15 exceeds $ 75,000. 28 U.S.C. §1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

16 For Plaintiff's citizenship, Defendant relies entirely on the allegation in the complaint that
17 it is a "California Limited Liability Company." (Notice of Removal at 2.) The citizenship of an
18 artificial entity, including a limited partnership or a limited liability company, for purposes of
19 diversity jurisdiction is determined by examining the citizenship of each of its members. *Carden*
20 *v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). In the absence of stating the citizenship of each
21 of Plaintiff's members, Defendant failed to meet its burden to show that this action is removable.

22 The facts presented in the notice of removal do not meet the burden of establishing
23 removal jurisdiction. "If at any time before final judgment it appears that the district court lacks
24 subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This action is
25 / / / / /
26 / / / / /
27 / / / / /
28 / / / / /

**REMANDED** to the Superior Court of the State of California for the County of San Diego, Central District.

    **IT IS SO ORDERED**.

DATED: May 9, 2011

                                         M. James Lorenz
                                         United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL